UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 12-01 |
| NAKIA HANKTON | SECTION: "P" (5) |

**ORDER AND REASONS**

Before the Court is a Motion for Early Termination of Supervised Release (R. Doc. 2520) filed by Nakia Hankton. On October 12, 2016, Mr. Hankton was sentenced to a 132-month term of imprisonment, to be followed by a five-year term of supervised release.[1] Mr. Hankton completed his term of imprisonment and has been on supervised release for approximately three years.[2] Mr. Hankton's motion seeks early termination of his five-year term of supervised release on the basis that, since his release from imprisonment, he has completed a drug treatment program, worked two jobs, and worked hard to become a better man in society.[3]

A district court may terminate a term of supervised release at any time after one year of the term has been served if, after considering the factors listed in 18 U.S.C. § 3553(a), 'it is satisfied that such an action is warranted by the conduct of the defendant released and the interest of justice.'"[4] District courts have broad discretion in deciding whether to terminate a term of supervised release, but courts typically require something more than mere compliance with the law and the conditions of supervised release to justify early termination.[5] Put differently, conduct

---

[1] R. Doc. 1759.
[2] Although Mr. Hankton's motion states he was placed on supervised release on May 12, 2024, this appears to be a typographical error, as Bureau of Prisons ("BOP") records reflect that Mr. Hankton was released from BOP custody on May 12, 2022.
[3] R. Doc. 2520.
[4] 18 U.S.C. § 3583(e)(1).
[5] *United States v. Seymore*, No. 07-CR-358, 2023 WL 3976200, at *1 (E.D. La. June 13, 2023).

expected and required of all defendants is generally not enough to warrant early termination; there must be some other special or changed circumstance.[6]

In this case, Mr. Hankton was convicted of: (1) conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act, in violation of 18 U.S.C. § 1962(d); and (2) conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), 841(b)(1)(D), and 846.[7] By statute, the sentencing judge was required to impose a term of supervised release of at least five years for the drug conspiracy conviction.[8] Mr. Hankton received the minimum term that could have been imposed under the law. And, while the Court is pleased that Mr. Hankton has worked on himself to have a more positive impact on society and that he has complied with certain conditions of his supervised release by completing a drug treatment program and maintaining employment, this is indeed conduct that is expected of him. Mr. Hankton has not presented the Court with any special or changed circumstance upon which the Court could justify terminating Mr. Hankton's five-year term of supervised release. Having considered the factors listed in 18 U.S.C. § 3553(a), the Court does not find early termination of Mr. Hankton's term of supervised release is warranted.

Accordingly,

---

[6] *See United States v. Jones*, No. V-11-21, 2012 WL 2417927, at *1 (S.D. Tex. June 4, 2013) ("Generally, compliance with the terms of supervised release and with the law alone is not enough to warrant early termination; such conduct is expected and required."); *United States v. Hayes*, No. 01-311, 2013 WL 5328874, at *1 (E.D. La. Sept. 20, 2013) (denying motion for early termination of supervised release after finding the defendant "[did] not present any extraordinary circumstances" that would warrant termination of his supervised release because the defendant "[was] merely abiding by the terms of his supervised release, which is the expectation for all defendants"); *United States v. Smith*, No. 3:10-cr-53, 2014 WL 68796, at *1 (S.D. Miss. Jan. 8, 2014) ("[E]arly termination is usually granted only in cases involving changed circumstances, such as exceptionally good behavior.").
[7] R. Doc. 670 (Third Superseding Indictment); R. Doc. 1759 (Judgment).
[8] *See* 21 U.S.C. § 841(b)(1)(A). This is also reflected in the Final Presentence Investigation Report that was prepared for and adopted by the Court with respect to Nakia Hankton's sentencing. *See* R. Doc. 1699 at 54, ¶ 261 ("As to Count Two, a term of at least five years is required if a sentence of imprisonment is imposed, pursuant to 21 U.S.C. § 841(b)(1)(A).").

**IT IS ORDERED** that Nakia Hankton's Motion for Early Termination of Supervised Release (R. Doc. 2520) is **DENIED**.

New Orleans, Louisiana, this 9th day of April 2025.

                                            **DARREL JAMES PAPILLION**
                                            **UNITED STATES DISTRICT JUDGE**